## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR.,<br>t/a FAR AWAY SPRINGS and<br>CITY OF PHILADELPHIA, TRUSTEE<br>FOR THE ESTATE OF<br>STEVEN GIRARD,<br><div align="center">**Plaintiffs**</div> | : | No. 3:03cv1039<br><br>(Judge Munley) |
| **v.** | : | |
| COUNTY OF SCHUYLKILL;<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; SCHUYLKILL<br>COUNTY PLANNING COMMISSION;<br>MICHAEL CHICKERSKY,<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; DANIEL DAUB,<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; JOHN HUDACK,<br>ZONING OFFICER, SCHUYLKILL<br>COUNTY; CHARLES ROSS, DIRECTOR,<br>SCHUYLKILL COUNTY PLANNING<br>COMMISSION; FORREST L. SHADLE,<br>SCHUYLKILL COUNTY COMMISSIONER;<br>EDWARD D. BARKET, SCHUYLKILL<br>COUNTY COMMISSIONER; FRANK<br>STAUDENMEIR, SCHUYLKILL COUNTY<br>COMMISSIONER; JERRY KNOWLES,<br>SCHUYLKILL COUNTY COMMISSIONER'<br>PAUL DATTE, ESQ., ASST SOLICITOR,<br>COUNTY OF SCHUYLKILL; JAMES L.<br>LEWIS, ESQ., FORMER SOLICITOR<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; CHRISTOPHER<br>HOBBS, ESQ., SOLICITOR<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; MARY KAY<br>BERNOSKY, ESQ., SOLICITOR<br>SCHUYLKILL COUNTY PLANNING &<br>ZONING DEPARTMENT; and<br>JOSEPH JONES, III, ESQ., SOLICITOR<br>COUNTY OF SCHUYLKILL,<br><div align="center">**Defendants**</div> | : | |

## MEMORANDUM

_____Before the court for disposition is the defendants' motion for summary judgment in this case involving allegations of constitutional violations in land use decisions. The parties have briefed their respective

positions, and the matter is ripe for disposition.

**Background**

This case involves plaintiffs' attempt to secure municipal approval to operate a spring water bottling business on property they bought in East Union Township, Schuylkill County, Pennsylvania, known as the Brandonville Industrial Park.  Plaintiff Girard Estate owns the property adjacent to the Brandonville Industrial Park.  The Frompovicz plaintiffs, trading as Far Away Springs, lease eight hundred acres of water removal rights from the Girard Estate.   The property on which the plaintiffs propose to operate a spring water bottling business is zoned a CR (Conservation Residential) and R3 (High Density Residential).  Prior to re-zoning in 1996, the property had been zoned I-2 (Heavy Industrial).  Plaintiffs finalized their purchase of the industrial park in 2001.

The history of this case can be traced to February of 1999 when the plaintiffs, through the Far Away Springs assignor, Gale Dewald filed a zoning application for a variance and non-conforming use to withdraw water from existing wells, constructed for the Brandonville industrial park; to add two silos; and to allow trucks to load at the sight.  One of the existing wells was located in the CR area and one in the R3 area.  The construction of two holding tanks was proposed by the application, each to be 10 feet in diameter by 30 feet high.  (Doc. 58-12, Def. Ex. 10, Application for Hearing before Zoning Hearing Board).   The Zoning Officer denied the request, and Dewald appealed to the Zoning Hearing Board. (Doc. 58-11, Def. Ex. 9, Application for Zoning Permit).

The Zoning Hearing Board held a hearing where the following testified in opposition of the variances: Leon Pietkiewicz of the Pumping

Preservation Association, Alfred Cicioni, a Brandonville business owner, Joan Lutz, an Adjacent property owner, Walter Kupchinski of the Park Crest Fish and Game Commission Club and Robert Gabardi, the East Union Township Fire Marshall.  (Doc. 58-13, Def. Ex. 11, Transcript of Schuylkill Zoning Hearing Board, April 8, 1999).   The Zoning Hearing Board denied the application.  (Doc. 58-11, Def. Ex. 9, Application for Zoning Permit).  Dewald appealed the denial to the Court of Common Pleas of Schuylkill County.  This appeal was eventually purged for inactivity.  (Doc. 58-15, Def. Ex. 13, Notice of Appeal; Doc. 58-16, Def. Ex. 14, docket sheet).

Gale Dewald filed another zoning application on September 1, 1999. This application sought a variance and declaration of non-conforming use to construct a fill station from which water could be loaded onto 6,000 gallon capacity trucks.  (Doc. 58-17, Def. Ex. 15, zoning application dated 9/01/99).   The application was denied because the proposed use was not permitted under the county's zoning ordinance.   (Id.).  Dewald sought review by the zoning hearing board.   The board held two hearings.   The application was opposed by East Union Township and a group calling itself the Concerned Citizens of Brandonville (Doc. 58-19; Def. Ex. 18, transcript of 1/06/00 zoning hearing board meeting).  On February 3, 2000, the zoning hearing board denied the request for a variance and non-conforming use.    (Doc. 58-20, Def. Ex. 19, zoning decision).

The property was conveyed to Stanley Frompovicz on January 18, 2000.  (Doc. 58-7, Def. Ex. 6).   On February 8, 2000, Far Away Springs filed a zoning application seeking to use a cleared area to load trucks with water and construct a roof overload area for weather protection.  (Doc. 58-

24, Def. Ex. 22, zoning permit application).  The Zoning Officer denied the permit for the reason that commercial uses are not permitted in that area under the zoning ordinance.  (Id.).  Far Away Springs filed an application for a hearing with the zoning hearing board seeking a special exception and interpretation of the zoning ordinance.  (Doc. 58-25, Def. Ex. 23, application for hearing).   The Zoning Hearing Board held a hearing on May 4, 2000, where East Union Township and the Concerned Citizens of Brandonville opposed the application.   (Doc. 58-26, Def. Ex. 24, Transcript of Zoning Hearing Board, 5/04/00).   The Board denied the request in a decision on June 1, 2000.  (Doc. 58-27, Def. Ex. 25, decision dated 6/01/00).  Far Away Springs appealed to the Schuylkill County Court of Common Pleas on June 29, 2000.  (Doc. 58-28, Def. Ex. 26, Notice of Appeal).  The appeal remains pending, with the last entry filed being a "Statement of Intention to Proceed" filed on August 22, 2003)(Doc. 58-29, Def. Ex. 27, docket sheet).

On April 1, 2002, Far Away Springs filed an application for a zoning permit for a proposed use of withdrawal of water from wells on the Girard Estate, Mahanoy Township property to be transported through an underground pipeline to a loading facility.  (Doc. 58-30, Def. Ex. 28, zoning permit application).   The Zoning Officer requested additional information, including the location of the loading facility/destination site.  (Doc. 58-31, Def. Ex. 29).   Plaintiff Stanley Frompovicz responded with three sites, listed as: "A.  Brandonville Industrial Park (under litigation). B. Girard Estate- under zoning appeal. C. Clyde Holman - approved per attached Zoning Permit."  (Id.).  These three properties were confirmed as the proposed loading stations by a letter from Frompovicz's attorney to Zoning

Officer John Hudack. (Doc. 58-34, Def. Ex. 32, correspondence dated 4/19/02). Holman and his attorney, however, indicated that permission had not been provided to Frompovicz for use of his property. (Doc. 58-32, Def. Ex. 30; Doc. 58-33, Def. Ex. 31). The zoning permit was denied on the basis that zoning did not allow for load out stations on the first two sites and the landowner of the third site stated that the property was not available for the project. (Doc. 58-30, Def. Ex. 28, zoning permit application). Far Away Springs applied for a hearing before the Zoning Hearing Board. (Doc. 58-37, Def. Ex. 35). The Board held hearings on August 1, 2002 and August 8, 2002. The Concerned Citizens of Brandonville and East Union Township again opposed the application. (Doc. 58-38, Def. Ex. 36, transcript of hearing). Also testifying in opposition to the application were: Leo Pietkiewicz of the Pumping Station Preservation Association; Alfred Cicioni; Clyde "Champ" Holman, owner of proposed loading station c; and Walter Kuczynski, Park Crest Fish & Game Association. (Id.). The zoning hearing board denied the appeal of Far Away Springs on September 5, 2002. (Doc. 58-39, Def. Ex. 37). Far Away Springs then appealed to the Court of Common Pleas of Schuylkill County. The appeal was not prosecuted and was marked settled and discontinued on August 17, 2005. (Doc. 58-41, Def. Ex. 39, docket sheet).

Far Away Springs filed another application for a zoning permit for the Girard Estate, Mahanoy Township, for the withdrawal of water from wells and diversion through underline pipes to an existing system located in subdivision of Brandonville Village. (Doc. 58-42, Def. Ex. 40, zoning permit application). This loading site is the same as site A listed above with respect to the April 2002 application. The Zoning Officer interpreted this

application as the same or substantially similar to the April 1, 2000 application that was previously denied and therefore took no action on it. (Id.).

Far Away Springs then sought a hearing before the zoning hearing board to challenge the zoning officer's inaction. (Doc. 58-43, Def. Ex. 41, application for hearing). A hearing was held on January 9, 2003. The Concerned Citizens of Brandonville and East Union Township opposed the application. (Doc. 58-44, Def. Ex. 42). The application was denied as identical or nearly identical to the April 1, 2002 application. (Id.). Far Away Springs appealed to the Court of Common Pleas of Schuylkill County. The appeal was not prosecuted and on August 17, 2005, the appeal was marked settled and discontinued. (Doc. 58, 45, Def. Ex. 43, appeal; Doc. 58-46, Def. Ex. 44, docket sheet).

On January 30, 2004, the Commonwealth Court of Pennsylvania decided that the Schuylkill County Zoning Ordinance provides that the extraction of water for commercial use constitutes a permitted use within the Conversation Residential (CR) zoning district. Header v. Schuylkill County Zoning Hearing Board, et al., 841 A.2d 641 (Pa. Commw. Ct. 2004). On November 15, 2004, Frompovicz applied for a zoning permit for premises located in Brandonville, East Union Township, and Mahanoy Township, for withdrawal of water from two springs and diversion through underground pipes to a loading area in East Union Township. (Doc. 58-47, Def. Ex. 45, zoning permit application). On December 20, 2004, the zoning officer granted the permit pursuant to Header and the permit remains in full force and effect. (Id.).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers

7

to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

Defendants' motion for summary judgment raises ten (10) issues.  We will discuss four of them as we find they will dispose of the case in its entirety.

I.  Substantive Due Process

Count I of plaintiffs' complaint asserts a cause of action for denial of Fourteenth Amendment substantive due process.  (Doc. 1, Amended Complaint ¶¶ 83 - 87).  The Fourteenth Amendment to the United States Constitution prohibits states from depriving persons of life, liberty or property without due process of law.  The "due process" of the Fourteenth Amendment has a procedural element and a substantive element.  At issue in the instant case is substantive due process.   The United States Supreme Court has explained that the Fourteenth Amendment "cover[s] a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them."  County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (citations and internal quotation omitted).  Substantive due process protections are intended to ensure that government officials do not abuse their power or use it to oppress.  Id.

A.  Protected Property Interest

The initial determination in any due process analysis is to determine whether the plaintiff has alleged a protected liberty or property interest. Baraka v. McGreevey, 481 F.3d 187, 205 (3d Cir. 2007). In the instant case, plaintiffs assert a property interest in their real estate.

Defendants argue that ownership of real property in and of itself is not sufficient to raise a due process claim.  We disagree.  "[O]wnership is a

property interest worthy of substantive due process protection." <u>Diblasio v. Zoning Board of Adjustment for the Twpl of West Amwell</u>, 53 F.3d 592, 600 (3d Cir. 1995).  Accordingly, we reject defendants' argument and find that plaintiffs do possess a property interest that is covered by substantive due process protections.

   B.  Due process

In order for a governmental entity to violate substantive due process, it must engage in action that is conscience shocking.  <u>Lewis</u>, 523 U.S. at 847; <u>United Artists Theatre Circuit, Inc. v. Township of Warrington</u>, 316 F.3d 392, 400-01 (3d. Cir. 2003).  "[C]onduct intended to injure in some way by any government interest is the sort of official action most likely to rise to the conscience-shocking level." <u>Lewis</u>, 523 U.S. at 849.  In other words, the due process guarantee has historically been applied to deliberate decisions to deprive persons of life, liberty or property.  <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986).  In the instant case, plaintiffs assert that defendants deliberately denied zoning approval because of self interest and self dealing in the decision-making process.   Plaintiffs claim to have provided sufficient evidence from which a jury could conclude that defendants used the county's laws and legal procedures to further their own business interests and relationships or merely, out of personal animosity toward the plaintiffs denied approval of the water bottling business.

Defendants assert that the actions in this case are not conscience shocking.  They list the actions as: 1) denial of zoning applications in a residential zone where the application sought high intensity commercial use; 2) the determination that the property at issue is subject to the 1996

Zoning Amendments; 3) the decision to allow the courts to resolve Frompovicz's contention that he was entitled to protection by reason of section 508(4) of the Municapalities Planning Code or by reason of the approval and recording of a subdivision plan in 1990; and 4) the denial of preliminary subdivision plan approval for valid engineering reasons. (Defendants' Support Brief at 16).

Plaintiffs' brief provides what they claim are examples of the self-dealing and self-interest that shock the conscience.  We shall examine them all.

1. Bender Family

First, plaintiffs assert that the Bender family owns Spring Mountain Springs, a direct competitor of Plaintiff Far Away Springs.  In support of this factual averment, plaintiffs cite its exhibit P8 at 191-92.  Exhibit P8 is the deposition of Charles M. Ross, the Director of the Schuylkill County Planning and Zoning Office.   On page 191, he is asked: "Do you know of anyone on the planning commission who has any interest in any water companies?"   Ross's response is:"Now I do. . .Gary Bender."   (Doc. 67-10, Pl. Ex. 8, at 191-192).   Nothing in this answer supplies the name of the water company Bender has an interest in and whether it is in "direct competition" with the plaintiffs.   At this stage of the litigation, plaintiffs must provide concrete facts to support their assertions.

Next plaintiffs assert that Gary Bender is the secretary of Defendant Schuylkill County Planning Commission.  For this proposition plaintiffs cite Doc. 67-13, Pl. Ex. 11, at 7. This citation provides that Bender is on the Schuylkill County Planning Commission.  It does not indicate whether he is

the secretary.[1]  According to the plaintiffs, it would be in his best interest to eliminate competition or make it more costly for any competition.   Plaintiff has not provided support for this assertion, and has not provided any evidence of conscience-shocking behavior.  Notably, Bender is not a named defendant in this action.

2. Paul Datte

The next assertion of conscience-shocking behavior involves Defendant Paul Datte, Assistant Skuylkill County Solicitor.  Plaintiffs assert that in Datte's private practice he represents  Hegins Hubley Water Authority and Parry Spring Water, competitors of Far Away Springs.  The other defendants regularly consulted him concerning the denial of plaintiffs' zoning applications.  It was in his clients' best interest for Far Away Springs' zoning applications to be denied.   The plaintiffs' citations do not support their contention.  (See Doc. 67-14, Pl. Ex. 12; Doc. 67-9, Pl. Ex. 8 at 12, 23; Doc. 67-6, Pl. Ex. 5).   Nothing they cite indicates that Datte represents Hegins Hubley Water Authority and Parry Spring Water.  The citations further do not support the averment that defendants regularly consulted him concerning the denial of plaintiffs' zoning applications or that it was in his clients' best interest for the zoning applications to be denied.

Moreover, even if the plaintiffs had cited facts to support its contentions, the conscience shocking standard would not be met.  It is not conscience shocking that the assistant county solicitor had clients in the same business as plaintiff.  Without more evidence no indication of self-

_____

[1]This is perhaps a small point but indicative of the inexactitude of the plaintiffs' citations to the record that have made this case more difficult to evaluate the plaintiffs' arguments.

dealing exists.

3) Water bottling plant

Next plaintiffs assert that they recently filed an application to construct a water bottling plant at the Brandonville site.  At the time, Schuylkill County was amending its zoning ordinance to provide opportunities for economic development with regard to ethanol based fuel and coal-to-oil plants. The coal-to-oil plant is owned by the largest client of the law firm of Cerullo Datte Wallibililch.  Datte thus had a conflict of interest in this amendment that was ignored according to the plaintiffs. Plaintiffs petitioned the County Commissioners to add the Brandonville site to those sites where the zoning classifications were being changed. Plaintiffs were not given the "ostensibly preferential treatment" that similarly situated "insiders" were provided.  These assertions have nothing to do with the instant case, and do not support plaintiffs' claim of conscience shocking behavior.[2]

4) Attorney Diehl

Attorney Diehl represents Stoney Mountain Springs and Bender whose sole customer is Wissihocken Water Company.   That company owns MC Resources.   Attorneys Price and Crosswell represent other clients benefitting from the rezoning.  Crosswell is partner of Defendant Jones.  Evidence indicates that the Jones family has been trying to enter

---

[2]In fact, these assertions refer to legislative acts, as opposed to executive action, therefore the standard for a substantive due process violation is not the conscience shocking standard, but whether there was a legitimate state interest that the legislature could rationally conclude was served by the statute. County Concrete Corp. v. Township of Roxbury, 442 F.3d 159, 169 (3d Cir. 2006).

the water business and that they intend to quash the competition.  Once again, these assertions deal with the rezoning in 2006, after the events asserted in the complaint.  In fact, by 2006, as set forth above, the plaintiffs had obtained the permits that they sought.[3]

5) Defendant Mary Kay Bernosky

Defendant Mary Kay Bernosky was consulted about plaintiffs' subdivision plan.  Prior to becoming the Real Estate Director for Schuylkill County, she worked for the law firm of Cerullo, Datte & Wallibillich.  (Doc. 67-8, Ex. P7, pg 14).  The conscience shocking behavior that she engaged in, according to the plaintiffs, is having a personal history with individuals who represent competing water companies.   It is not conscience shocking for the Real Estate Director for Schuylkill County to have previously worked for a law firm that represents competing water companies.   Furthermore, plaintiffs have cited no evidence that Ms. Bernosky had anything to do with the zoning decisions at issue.

6) Lisa Mahal

Lisa Mahal is a former county engineer.  Since 2005, she has been the county's real estate director.  She is also a  former employee of Reading Anthracite Company and had a personal relationship with the ownership who are clients of the Datte Wllibilich firm.  "The same company also operates a land development business, being the closest housing development to the proposed Brandonville Springs Housing development. Thus any denial or delay by Mahal directly benefits her past employer and

---

[3]Again, as these issues deal with rezoning the shocks the conscience standard would not apply even if they were relevant to the allegations of the complaint.  See Footnote 1.

admitted personal friends." (Doc. 66, Pl. Br. at 21).  Plaintiffs provide no citation for these assertions, nor do they assert what role Mahal played in the zoning decisions at issue.   Moreover, plaintiffs merely allege a personal relationship/benefit and no kind of monetary benefit to Mahal. Thus, these assertions are not conscience-shocking.

Moreover, plaintiffs assert that Mahal has a personality conflict with Frompovicz.  She "admitted that it was her belief that the Board was antagonistic to the Plaintiffs because they felt Plaintiffs, and in particular, Mr. Frompovicz, were harassing them and threatening to sue." (Doc. 67-10, Ex. P9, pg. 72-73).  There is nothing conscience shocking in the fact that the Board would be antagonistic toward Mr. Frompovicz if he was threatening to sue them, and there is nothing conscience shocking about a personality conflict.

7) Defendant Jones

Defendant Jones is a partner in the law firm representing Gary Bender (Stony Mountain Springs).  According to the plaintiffs, he also has an interest in Losch Plumbing, which acquired Mountain Spring Water. Claude Shields, plaintiffs' former representative, spoke with Jones and came away with the feeling that there was no legal reason for the project not proceeding and that it must be a political issue.   We find nothing conscience-shocking in these assertions and no averments as to Jones' actions with regard to the zoning matters at issue.

Accordingly, we agree with the defendants that plaintiffs have not cited any evidence to support their assertion that conscience shocking behavior has occurred.  All the plaintiffs have provided are bald assertions of conscience shocking behavior without facts to support them.   Summary

14

judgment, thus, will be granted to the defendant on the substantive due process claim.

## II.  Conspiracy to deny due process rights

The second count of plaintiffs' "Final Amended Civil Action Complaint" asserts a cause of action for conspiracy to deny due process rights.  (Doc. 46, ¶¶ 88 -92). Defendants move for summary judgment on this count.   As we have found no constitutional violation, we cannot find that the defendants conspired to violate the plaintiffs' constitutional rights. Moreover, the affidavits of the individual defendants, which are not contested by the plaintiffs, establish that there was no conspiracy to deny constitutional rights.  Thus, judgment will be granted to the defendants on this count.

## III.  Municipality policy, practice or custom

The third count of plaintiffs' "Final Amended" complaint asserts a cause of action for municipality liability based upon municipality policy, practice or custom.  (Doc. 46, ¶¶ 93-96).  Defendants move for summary judgment on this count.  As we have found no constitutional violation, we need not determine whether the defendants' actions were a municipal policy, practice or custom.  Judgment will be granted to the defendants on this count.

## IV.  Equal protection

The final count of plaintiffs' final amended complaint asserts a cause of action for violation of equal protection.   Defendants seek summary judgment on this cause of action.

Plaintiffs assert that the defendants applied its zoning regulations selectively or unequally when Far Away Springs is compared to other

entities that have sought zoning approval.  Plaintiffs do not assert any sort of racial or other type of discrimination or the burdening of a fundamental right.  Rather, plaintiffs proceed on a theory that they are a "class of one" who was treated differently.

The United States Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  In other words, a class of one can have a valid equal protection claim where it has been treated irrationally and wholly arbitrarily as compared to those who are similarly situated.  Eichenlaub v. Township of Indiana, 385 F.3d 274, 286 (3d Cir. 2004) (citing Village of Willowbrook, 528 U.S. at 564, 565).

Defendants argue that the plaintiffs cannot prove that they were treated differently from the manner in which similarly situated entities were treated.   Plaintiffs' complaint address four entities that it claims were treated differently although similarly situated, Richard Withhelder, Reading Anthracite Company/New Tilapia, MC Resources and Charles and Edith Header.  We will address each separately.

 1) Richard Withhelder

Plaintiffs' initial argument is that whether they are similarly situated to others who have received different treatment is a question of fact and is thus reserved for the jury.  (Doc. 66, Pl. Brief at 30-31)   Plaintiffs misunderstand the summary judgment standard.  If the defendant submits evidence to establish that there is no material question of fact regarding whether plaintiffs' are similarly situated to others, then plaintiffs bear the

burden of presenting contrary evidence.  If the plaintiffs do not meet their burden, we can find as a matter of law that there is no genuine issue of material fact.  (See Standard of Review, supra).

Withhelder is not similarly situated.  The parcels of property are adjacent to the exit ramps of Interstate Route 81, with one of them actually being in an island created by the exit entrance ramps.  (Doc. 58-106, Def. Ex. 104, map).   Plaintiffs' land, however, is in a more remote area. Withhelder's applications were filed in 1995 and 1996.  Moreover, the 1995 application was governed by the prior zoning ordinance and decided by a zoning hearing board comprised of people different from those that the plaintiffs complain of.   (Doc. 58-102, Def. Ex. 100, Zoning Hearing Board opinion).   Moreover, just as with plaintiffs, Whitthelder's original application was denied on the ground that commercial uses are not permitted and he had to seek a special exception.  (Doc. 58-101, Def. Ex. 99, Application for Zoning Permit).  Unlike plaintiffs' applications, Withhelder's applications were not opposed by municipalities or their residents.

2) Reading Anthracite Company/New Tilapia

The Reading Anthracite Company/New Tilapia (hereinafter "RAC" is also not similarly situated to the plaintiffs.  This application dealt with the construction of a fish nursery on property that was zoned CM (commercial mining).  (Doc. 58-99, Def. Ex. 97, Zoning Decision of June 4, 1998). Plaintiffs seek to build a commercial bulk water sales operation.  It specifically calls for the withdrawal of water.  RAC proposed to use the existing public water system.  (Doc. 58-100, Def. Ex. 98, Final Zoning Approval).  Additionally, the municipality and its citizens did not oppose the application.

17

3) MC Resources

MC Resources is not similarly situated in that their permit is for the construction of a "load-out" facility in an area zoned agricultural.  (Doc. 58-78, Application for zoning permit).   Its only activity in Schuylkill County is the withdrawal of water from two existing wells and diverting them through Department of Environmental Protection approved underground pipes to a facility located in West Penn Township.  (Doc. 58-81, Correspondence to Zoning Officer John Hudack).  West Penn Township is not located in Schuylkill County.  In plaintiffs' plan, however, the area is zoned residential and all of the commercial activity, including trucking, would occur in Schuylkill County.

4) The Headers

The fourth entity that plaintiffs compare themselves to are Charles and Edith Header.   They filed a zoning application for a bulk spring water loading facility and water storage tank in a residential (CR) and agricultural (A) district.   The zoning office denied the application, just as Frompovicz's was denied.  The Shuylkill County Zoning Hearing Board held multiple hearings and made determinations.  The application was denied, just as the Frompovicz's was.   The Headers appealed to the Court of Common Pleas, which affirmed the Zoning Hearing Board.  Further appeal was sought in the Commonwealth Court.  On January 30, 2005, the Commonwealth Court found in favor of the Headers and ruled that the extraction of water for commercial use is permitted within conservation residential zoning districts.  See Header v. Schuylkill County Zoning Hearing Bd., 841 A.2d 641 (Pa. Commw. Ct. 2004).   Accordingly, unlike plaintiffs, the Headers pursued all their appeals and were ultimately

18

successful.  Plaintiffs allowed their appeals to be terminated or discontinued them.

We find that those whom plaintiffs compare themselves to are not similarly situated or were treated equally to the plaintiffs.  Thus, we will grant judgment to the defendants on the Equal Protection claim.  <u>See, e.g.</u>, <u>Alexander v. Whitman</u>, 114 F.3d 1392 (3d Cir. 1997) ("[T]he [Equal Protection] clause does not require that things which are different in fact be treated in law as though they are the same.").

V.  Individually named defendants

Next, the defendants have produced proof that the additional individually named defendants did not violate any of the plaintiffs' rights. Plaintiffs present no evidence to counter the defendants' evidence. Defendants establish as follows:

Defendants Michael Chickersky and Daniel Daub are both members of the Schuylkill County Zoning Hearing Board.  Neither they nor their families have any interest in any water extraction processing or sale business.  Nor do they bear any animus or ill will toward Plaintiff Stanley Frompovicz.  Their only involvement in the Brandonville property is their participation in four decisions involving appeals filed by Gale Dewald and/or Stanley Frompovicz and Far Away Springs.  (Doc. 58-115, Affidavit of Michael Chickersky and Doc. 58-116, Affidavit of Daniel Daub).  "Apart from the testimony presented at the hearing and discussion during the deliberations, they had no contact or communications with any other individual or defendant relating to Mr. Dewald, Mr. Frompovicz, Far Away Springs or their zoning applications."  (<u>Id.</u>).

Defendant John Hudack was the Schuylkill County zoning officer

from October 19, 1992 until April 30, 2004.   Neither he nor his family has any interest in the water extraction, processing or sale business.  As the zoning officer, he must administer the zoning ordinance in accordance with its literal terms.  He cannot permit any construction or change of use if it does not conform to the zoning ordinance.  He cannot issue a variance or special exception.   His only involvement with plaintiffs was determining several applications for zoning permits, none of which he was authorized to grant.  (Doc.58-113, Affidavit of John Hudack).

Defendant James Lewis served as the solicitor to the Zoning Hearing Board.  Neither he nor his family have any interest in any water extraction, processing or sale business.   He holds no animus or ill will, political or personal toward Mr. Frompovicz or any plaintiff.  He played no role in any of the decisions or determinations of the Zoning Hearing Board.  His role is to attend zoning hearings and prepare proposed decisions for review and approval by members of the Zoning Hearing Board.  (Doc. 58-117, Affidavit of James L. Lewis).

Defendant Charles Ross is the Executive Director of the Schuylkill County Planning & Zoning Department.  His job entails supervision of the scheduling of hearings and providing notice for the Zoning Hearing Board and the processing and distribution of subdivision and land development plans to the County Engineer and Planning and Zoning Commission for consideration.   He is not required to attend hearings and he does not participate in deliberations or decisions of the Zoning Hearing Board.  He played no role in any decision or determination involving plaintiffs.   (Doc. 58-114, Affidavit of Charles Ross).

Forrest Shadle was County Commissioner from January 1996

through January 2004.  (Doc. 58-118, Affidavit of Forrest L. Shadle at ¶ 1).
He bears no ill will or animus, either political or personal, toward Plaintiff
Stanley Frompovicz.  (Id. at ¶ 11).  Neither he nor his family has any
interest in the water extraction or processing business.  (Id. at ¶  7).   He
played no role in any hearing, deliberations or determinations by the
Zoning Hearing Board relating to appeals filed by the plaintiffs.  (Id. at ¶ 3).
In 1996, prior to his tenure as a County Commissioner, the County adopted
a new Zoning Ordinance.  (Id. at ¶ 4).  He attended a meeting in June 2001
where Frompovicz asserted that the property in question was not subject to
the 1996 Zoning Ordinance.   Shadle felt that Frompovicz's arguments
were appropriate for judicial determination.  (Id. at ¶ 5).  Frompovicz filed a
declaratory judgment in Schulykill County Court on this issues.
Frompovicz did not prevail, and the Commonwealth Court upheld the
decision.  (Id. at ¶ 6).   These same facts apply to the other two former
County Commissioners who are named as defendants, Jerry Knowles and
Edward Barket.  (Doc. 58-119, Affidavit of Jerry Knowles, Doc. 58-120,
Affidavit of Edward Barket).

Defendant Frank Staudenmeier has been a county commissioner
since his appointment in 2002.  (Doc. 58-121, Affidavit Frank J.
Staudenmeier ¶¶ 1-2).  Prior to his appointment in July 2002, he had
nothing to do with plaintiffs' zoning matters.  (Id. at ¶ 3).  He has had no
involvement with Frompovicz's appeal of the June 27, 2002 zoning permit
application denial; the litigation relation to the declaratory judgment or
appeals taken to the Pennsylvania Commonwealth Court and Supreme
Court; Frompovicz's application for residential subdivision approval.  (Id. at
¶ 4).  Neither Staudenmeier nor his family has any interest in any water

extraction or processing business.  (Id. at ¶ 5).

Defendant Mary Kay Bernosky served as Assistant County Solicitor from 1994 to January 2001 and thereafter as real estate director from January 2001 until December 2004.  (Doc. 58-122, Affidavit of Mary Kay Bernosky ¶ 3).  She does not know Plaintiff Stanley Frompovicz and has no personal or political animus toward him.  (Id. at ¶ 5).  Neither she nor her family has any interest in the water extraction or processing business.  (Id. at ¶ 6).  Her only involvement with respect to the Brandonville tract was with regard to whether the 1996 rezoning applied to it or not.   (Id. at 11).

Defendant Joseph H. Jones, Jr. served as County Solicitor from January 1984 through January 2004.  In January 2004, he became a part-time assistant solicitor.  (Doc. 58-123, Affidavit of Joseph H. Jones, Jr., at ¶ ¶ 3-4).  He does not know Plaintiff Stanley Frompovicz and bears him no ill will or animus, either political or personal. (Id. at ¶ 5).  Jones has a 4.75% interest in Mountain Spring Water, Inc.  (Id. at ¶ 14).  He thus declined involvement in any of the applications or actions filed by the plaintiffs.  (Id. at ¶ 15).  Accordingly, he had no involvement or participation with the Zoning Hearing Board proceedings involving plaintiffs' appeals.  (Id. at ¶ 8). He had no involvement in the appeals filed by plaintiffs in the Court of Common Pleas of Schuylkill County.  (Id. ¶ 9).  He had no involvement in the declaratory judgment action filed the Stanley Frompovicz with respect to the zoning of the Brandonville property.  (Id. at ¶ 10).  Further, he had no role or involvement in any of the subdivision and land development applications filed by Stanley Frompovicz before the Zoning County Planning Commission.  (Id. at 11).  He had no contact or communication with any member of the planning commission or employee of the County of

Schuylkill regarding the subdivision and land development applications of Stanley Frompovicz.  (Id. at ¶ 12).  He had not contact or communication with any County Commissioner regarding any application by or on behalf of Stanley Frompovicz, Jr., and/or Far Away Springs.  (Id. at parr 13).

Paul Datte was a part-time Assistant Solicitor for Schuylkill County from March 25, 2002 through January 4, 2005.  On January 5, 2005, he became County Solicitor for the County of Schuylkill.  (Doc. 58-124, Affidavit of Paul Datte, at ¶ 3-4).  He had no involvement with any of the zoning applications, Zoning Hearing Board hearings or decisions with regard to the plaintiffs.  (Id. at ¶ 6).  All of plaintiffs' zoning applications were filed and determined prior to his appointment as county solicitor.  (Id. at ¶ 6).  As an assistant county solicitor, he did some preliminary work in defense of the declaratory judgment action filed by Stanley Frompovicz. (Id. at ¶ 8).  Neither he, his family members shareholders or associates in the law firm of Cerullo, Datte & Wllbilich have any interest in the water extraction or water processing business.  (Id. ¶ 9).

Defendant Christopher W. Hobbs has served as the solicitor for the Schuylkill County Zoning Hearing Board since January 6, 2003.  (Doc. 58-125, Affidavit of Christopher Hobbs, at ¶ 3).  Neither he nor his family has any interest in any water extraction and/or water processing business.  (Id. at ¶ 14). He worked on a draft of a proposed decision presented to the Zoning Hearing Board involving one of Frompovicz's appeals.  (Id. at ¶ 8). He does not know Stanley Frompovicz and has no personal animus or bias against him.  (Id. at 6).

Because the defendants have presented evidence that none of these defendants violated the plaintiffs' rights, and the plaintiffs have not

presented any counter-evidence, summary judgment will be granted in their favor.   Defendants provide all this information in exhibits to their motion for summary judgment and explain the facts in their statement of material facts.  In derogation of the Local Rules of procedure, the plaintiffs did not respond to the statement of material facts. <u>See</u>  L.R. 56.1.  In their sur-reply brief, plaintiffs complain that defendants raised the issues regarding the individual defendants in their reply brief for the very first time.  Plaintiffs are incorrect.  The issues were raised in the statement of material facts that they chose not to respond to.

VI.  Third party interference with business relationships

Third party interference with business relationships is alleged in Count Four of plaintiffs' final amended complaint.  (Doc. 46, ¶¶ 97-99).  As we are granting summary judgment on the plaintiffs' federal causes of action, we will dismiss the state court causes of action.

**Conclusion**

For the foregoing reasons, summary judgment will be granted to the defendants. Plaintiffs have simply presented no evidence from which a jury could conclude that the defendants violated their rights.  Although they have named many defendants they have failed to make assertions against many of them and have presented no evidence to counter much the defendants' evidence.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR.,<br>t/a FAR AWAY SPRINGS and<br>CITY OF PHILADELPHIA, TRUSTEE<br>FOR THE ESTATE OF<br>STEVEN GIRARD,<br><div align="center">**Plaintiffs**</div><br><div align="center">**v.**</div><br>COUNTY OF SCHUYLKILL;<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; SCHUYLKILL<br>COUNTY PLANNING COMMISSION;<br>MICHAEL CHICKERSKY,<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; DANIEL DAUB,<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; JOHN HUDACK,<br>ZONING OFFICER, SCHUYLKILL<br>COUNTY; CHARLES ROSS, DIRECTOR,<br>SCHUYLKILL COUNTY PLANNING<br>COMMISSION; FORREST L. SHADLE,<br>SCHUYLKILL COUNTY COMMISSIONER;<br>EDWARD D. BARKET, SCHUYLKILL<br>COUNTY COMMISSIONER; FRANK<br>STAUDENMEIR, SCHUYLKILL COUNTY<br>COMMISSIONER; JERRY KNOWLES,<br>SCHUYLKILL COUNTY COMMISSIONER'<br>PAUL DATTE, ESQ., ASST SOLICITOR,<br>COUNTY OF SCHUYLKILL; JAMES L.<br>LEWIS, ESQ., FORMER SOLICITOR<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; CHRISTOPHER<br>HOBBS, ESQ., SOLICITOR<br>SCHUYLKILL COUNTY ZONING<br>HEARING BOARD; MARY KAY<br>BERNOSKY, ESQ., SOLICITOR<br>SCHUYLKILL COUNTY PLANNING &<br>ZONING DEPARTMENT; and<br>JOSEPH JONES, III, ESQ., SOLICITOR<br>COUNTY OF SCHUYLKILL,<br><div align="center">**Defendants**</div> | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **No. 3:03cv1039**<br><br>**(Judge Munley)** |

## <u>ORDER</u>

_____**AND NOW**, to wit, this 27th day of September 2007, the defendants'
motion for summary judgment (Doc. 58) is hereby **GRANTED**.  The Clerk

of Court is directed to enter judgment in favor of the defendants and close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

26